## Hissner Appeal

*Egli, Reilly, Wolfson & Feeman*, for petitioners.
*Samuel G. Weiss, Jr., City Solicitor*, for respondent.

GATES, *P.J.*, March 28, 1977 — Both petitioners are employed as police officers for the City of Lebanon and as such are contributors to the police pension fund. The City of Lebanon is presently contributing the maximum amount of money it may under The Third Class City Code of June 23, 1931, P.L. 932, as amended, 53 P.S. §35101 et seq., to the police pension fund.

On August 23, 1976 the Council of the City of Lebanon adopted resolution no. 181 of the 1976-1977 sessions. The resolution became effective October 1, 1976. In substance it adopted the recommendation of the Board of the Lebanon Police Pension Fund with regard to the method of calculating police pension benefits. The gist of the

resolution was to exclude overtime compensation in the future for calculating the monthly rate of pay for retirement benefit purposes.

On September 24, 1976, petitioners filed an appeal under the provisions of the Local Agency Law of December 2, 1968, P.L. 1133, sec. 1 et seq., 53 P.S. §11301 et seq.

The matter was set down for a hearing at which time counsel for the parties filed a stipulation of facts and submitted the matter to court together with their briefs.

Initially we note that the City of Lebanon is a political subdivision created by the Legislature of the Commonwealth of Pennsylvania possessing both administrative and legislative powers within definitive limits. So to that extent the City of Lebanon is a local agency within the meaning of the Local Agency Law when it is performing an administrative function within the framework of the power and authority conferred upon the City by the provisions of The Third Class City Code. We must then review this matter within the strictures of both the substantive and procedural limitations of the Local Agency Law.

Both parties concede that if the disputed resolution was a legislative act of the City of Lebanon, the Local Agency Law would be inapplicable and the appeal would have to be dismissed in that the act does not purport to control legislative functions. For the purposes of disposition, we need not consider the validity of this concession.

If the resolution is not a legislative function of the City of Lebanon then it must either be an administrative or adjudicative one.

Section 2 of the Local Agency Law defines an adjudication to mean ". . . any final order, decree,

decision . . . by a local agency affecting personal or property rights, privileges . . . of any or all of the parties to the proceeding . . ."

We conclude that the resolution defining the method of computing retirement benefits, ostensibly to clarify or to implement and correct the method of calculating police functions, is an administrative act, adjudicative of the personal and property rights of the parties to this proceeding.

Now that we have concluded, first, that the Local Agency Law is applicable and, second, that the resolution is an adjudication within the meaning of the Local Agency Law we must consider the respondent-City's contention that the appeal was not timely filed.

The Local Agency Law specifically provides in Section 7, 53 P.S. §11307, that:

"Any person aggrieved by a final adjudication who has a direct interest in such adjudication shall have the right to appeal therefrom. Such appeal, unless otherwise provided by a statute authorizing a particular appeal, shall be taken within thirty days to the court of common pleas of any judicial district in which the local agency has jurisdiction."

Petitioners contend that the appeal is timely in that the appeal was taken prior to the effective date of the resolution. However, petitioners concede that the appeal was taken more than 30 days after the passage and adoption of resolution no. 181 of the 1976-1977 sessions of the Council of the City of Lebanon.

We are of the opinion that a "final adjudication" is to be construed to mean any order, decree, decision or other action, such as a resolution, which affects personal and property rights of parties to

the proceeding. The final adjudication occurs on the date of its adoption not upon the date upon which by its terms it is to become effective.

Wisdom dictates that judicial orders and decrees as well as resolutions and ordinances, rules of court and acts of the legislature ofttimes are adopted finally on a certain date but that the effective or operative date is postponed in the future to accommodate conflicting interests. Perhaps the most frequent reason for postponing the effective date of a final decree or action of the court or legislature is to afford those affected with ample notice so that they may conform their conduct to the decree, order or resolution. Yet the adjudication is final on the date of its passage since nothing more remains to be done by the adopting agency to accomplish its purposes. It also becomes final as to those affected by it even though the agency's action does not immediately affect them.

We might well draw an analogy in concept to a final adjudication within the contemplation of the Local Agency Law and an adjudication by a court in equity. By law and by rules of civil procedure parties adversely affected by equitable adjudications are ordinarily allowed 20 to 30 days within which to take exceptions and to posture the case for an appeal before the adjudication becomes effective. This concept is inherent in the equitable decrees nisi.

In conclusion, we are of the opinion that the resolution no. 181 adopted by the City of Lebanon was, within the meaning of the Local Agency Law, a final adjudication as of the date of its adoption on August 23, 1976. Aggrieved parties had 30 days, thereafter, within which to appeal as specifically provided by the Local Agency Law. In that this

appeal was not filed within that statutory period, and we are not authorized to extend it, the appeal must be dismissed as untimely.

We have considered all arguments submitted to us by the parties in their briefs and we will make an order dismissing the appeal.

## ORDER

And now, March 28, 1977 the appeal is dismissed.